Feeemaít, J.,
delivered the opinion of the court.
This is an attachment bill filed to collect an indebtedness due complainant by defendant, a non-resident corporation.
*77 An attachment issued, and was levied by tbe sheriff of Greene county on a lot of pig-iron as the property of defendant.
The defendant appears and files an answer, making several defenses to the bill, and the case was heard on bill and answer and exhibits, without any proof being taken.
The Chancellor dismissed the bill, and complainant appeals to this court.
We do not deem it necessary to notice but one of these defenses as set up in the answer.
It is insisted in the answer that complainant is precluded from bringing this suit, by the fact alleged that defendant had sometime before conveyed a considerable amount of property, by deed of trust, to secure this debt, said property, however, remaining in the possession of defendant. This can be no defense to any suit prosecuted either at law or equity for the recovery of the debt. If the debt is recovered in this proceeding, or is paid by defendant, the property is discharged from the trust, and defendants have their property free from the encumbrance. It is well settled that a mortgage, or deed of trust, is but a security for the debt, and a creditor, by note or other legal evidence of debt, may, at his election, bring his action on the note, or legal liability, or proceed upon his mortgage or trust security; and a judgment on the note, without satisfaction, is no bar to a proceeding in equity to foreclose the mortgage: Hilliard on Trust, vol. 1, p. 97, vol. 2, p. 83; Vansant v. Alman, 23 Ill., 33; Addison on Cont., 307. There is, *78 therefore, nothing in this defense; and the Chancellor’s decree dismissing the bill on this ground was clearly erroneous.
The only question presenting any difficulty in this case arises out of the following state of facts: The sheriff returns that he levied the attachment on 104 tons of pig iron, as the property of Greene County Iron Company, on the 18th of December, 1871, and that on the 14th of March, 1872, the company executed a bond, with W. F. Gleason, C. L. Sevier and J. G. Reaves, as securities, payable to complainant, in the sum of $5,000, conditioned to pay to complainant the full sum of his demand against said company should the cause be determined in favor of complainant at the final hearing; and he returns the same as a delivery bond.” We take it he means a replevy bond, under sec. 3509 of the Code. We find a bond in the record corresponding precisely with this return. The bond, however, does not recite the levy of the attachment upon the property, makes no reference to the property whatever, but is simply a promise to pay $5,000, — to be void on condition that the parties to it “shall well and truly pay to Sam’l L. Stephens the sum of $2,475, and the lawful interest on that sum, and costs, in the event that the attachment suit now pending in the Chancery Court of said county of Greene, for the collection of said sum, wherein the said Stephens is complainant and the said Greene County Iron Company is defendant, should, at the final hearing thereof, be determined in favor of said complainant; otherwise to remain in full force and virtue.”
*79 Taking this bond with the return of the sheriff, both of which are made part of the record by sec. 3573 of the Code, it must be taken to be a bond for the replevy of the property, under sec. 3509, which authorizes a bond to be given, at defendant’s option, in double the amount of plaintiff’s demand, conditioned to pay the debt, interest and costs.”
The question, then, is as to the liability of the parties, principal and sureties, to a decree on this bond for the debt, interest and costs. By sec. 3512, “replevy bonds are subject to the rules prescribed in secs. 773 and 774 of the Code.” This last section is as follows: “ So, also, if any officer or any other person, as hereinafter provided, who is required by law, or in the course of judicial proceedings, to give bond for the performance of an act or the discharge of a duty, receives money or property upon the faith of such bond, he and his sureties are estopped to deny the validity of the bond or the legality of the proceedings under which the money or property was obtained.” Now, if this bond is' valid, and the proceedings under which the property was obtained legal, and this the party is estopped to deny by the words of the section, we can not see how the parties can escape from liability to decree on the bond. If the bond is valid, it must be as a legal obligation to pay the debt, interest and costs, for these are the terms of the contract, — provided the attachment suit, in which it was taken, should at final hearing be determined in favor of complainant.
The fact that the defendant in this case has as *80 serted in his answer, which is not disproved, that the iron levied on by the attachment was not his property, can make no difference, as he has given a bond, by which it has been returned to his possession, and bound himself to pay the debt of complainant on condition the decree, on final hearing, should be in favor of complainant, and the validity of this bond the defendant .is estopped by the statute to deny.
The result is, that the Chancellor’s decree will be reversed, and a decree entered here for complainant’s debt against defendant and against the sureties on the replevy bond. The costs of this and court below will be paid by defendant.